UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARY J. WALKER,

   Plaintiff,

v.

METHODIST HOSPITALS OF DALLAS,

   Defendant.

Case No. 3:20-cv-01722

## COMPLAINT

**NOW COMES** Plaintiff, MARY J. WALKER, through undersigned counsel, complaining of Defendant, METHODIST HOSPITALS OF DALLAS as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. MARY J. WALKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 4117 Easter Avenue, Dallas, Texas 75216.

1

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. METHODIST HOSPITALS OF DALLAS ("Defendant") operates provides health care services. The Hospital offers cardiology, pediatrics, oncology, emergency care, orthopedic surgery, rehabilitation, pain management, behavioral health, cardiovascular medicine, transplant, and digestive health services. Defendant serves patients in the State of Texas.

9. Defendant has its principal place of business at 1441 North Beckley Avenue, Dallas, Texas 75203.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## **FACTUAL ALLEGATIONS**

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8949.

13. At all times relevant, Plaintiff's number ending in 8949 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Last November, Plaintiff sought and received medical services from Defendant.

16. Plaintiff incurred medical debt with Defendant.

17. This debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

18. Plaintiff suffered financial hardship, resulting in Plaintiff's failure to pay the bill.

2

19. Two months passed before Plaintiff started to receive phone calls from Defendant regarding Plaintiff's outstanding medical bill.

20. On several instances, Claimant answered. Each time, she was met by an approximate three-second pause prior to being connected to an agent.

21. During these calls, Plaintiff acknowledged responsibility for the debt; however, informed Defendant that she was not able to make payment.

22. Notwithstanding, these phone calls persisted.

23. Ultimately, Plaintiff requested Defendant stop calling.

24. In fact, Plaintiff repeated this request on multiple occasions.

25. In spite of Plaintiff's multiple request(s) that these calls stop, Plaintiff continues to receive phone calls from numbers leading back to Defendant – including, (469) 399-2271.

26. To date, Claimant received no less than 40 phone calls from Respondent despite Claimant's request(s) that these phone calls stop.

**DAMAGES**

27. Respondent's constant harassing phone calls have severely disrupted Claimant's everyday life and overall well-being.

28. Respondent's phone calls have caused Claimant actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Claimant's cellular phone, intrusion upon and occupation of Claimant's cellular telephone, temporary loss of use of Claimant's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required

3

to recharge Claimant's cellular telephone as a result of increased usage of Claimant's telephone services, and wasting Claimant's time.

29. Concerned with having had her rights violated, Claimant was forced to retain counsel to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Respondents placed or caused to be placed no less than 40 non-emergency calls, including but not limited to the aforementioned collection calls, to Claimant's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Claimant's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32. Upon information and belief, based on the three-second pause Claimant noticed when Claimant answered, Respondent employed an ATDS to place calls to Claimant.

33. Upon information and belief, the ATDS employed by Respondent transfers calls to an agent once a human voice is detected, hence the pause.

34. Upon information and belief, the ATDS employed by Respondent has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

35. As noted above, Claimant revoked consent to be called on Claimant's cellular telephone on multiple occasion to no avail.

36. As noted above, Claimant was severely harmed by Respondent's collection calls to Claimant's cellular telephone.

37. Upon information and belief, Respondent has no system in place to document whether it has consent to contact consumers on their cellular telephones.

38. Upon information and belief, Respondent has no policies and procedures in place to honor consumers' requests that collection calls cease.

39. Upon information and belief, Respondent knew that their collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

40. As a result of Respondent's violations of 47 U.S.C. §227(b)(1)(A)(iii). Claimant is entitled to receive $500.00 in damages for each violation.

41. As a result of Respondent's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Claimant is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Claimant requests the following relief:

A. a finding that Respondent violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

42. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Tex. Fin. Code Ann § 392.302**

43. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

44. Respondent violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Claimant in spite of being told to stop.

45. Respondent's continuous phone calls were made with the intent to harass Claimant.

46. Claimant may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

> (a) A person may sue for:
>
>   (1) injunctive relief to prevent or restrain a violation of this chapter; and
>
>   (2) actual damages sustained as a result of a violation of this chapter.
>
> (b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Claimant requests the following relief:

A. a finding that Respondent violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

  E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 30, 2020          Respectfully submitted,

                  **MARY J. WALKER**

                  By: */s/ Joseph S. Davidson*

                  Mohammed O. Badwan
                  Joseph S. Davidson
                  SULAIMAN LAW GROUP, LTD.
                  2500 South Highland Avenue
                  Suite 200
                  Lombard, Illinois 60148
                  +1 630-575-8181
                  mbadwan@sulaimanlaw.com
                  jdavidson@sulaimanlaw.com